## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____ (___) |
| Portola Packaging, Inc.., et al.,[1] | ) Joint Administration Requested |
| | ) |
| Debtors. | ) |
| | ) |

## AFFIDAVIT OF SERVICE AND PRELIMINARY VOTE
## CERTIFICATION OF FINANCIAL BALLOTING GROUP LLC

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK )

Jane Sullivan, being duly sworn, deposes and says, under penalty of perjury:

1.      I am the Executive Director of Financial Balloting Group LLC ("FBG"), located at 757 Third Avenue, New York, New York 10017, the voting and tabulation agent designated by Portola Packaging, Inc. ("Portola") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), to assist with (i) the service of solicitation packages upon the creditors in Class 2 (the "Second Lien Debt Claims") and Class 3 (the "Senior Note Claims," and, together with the Second Lien Debt Claims and Class 6 equity interests (the "Equity Interests") which were not served by FBG, the "Voting Classes") in connection with the solicitation of votes to accept or reject the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Portola Prepackaged Plan"), attached as Exhibit A to the Disclosure

---

[1]      The Debtors in these Chapter 11 Cases are: BuyerLink Networks, Inc.; Great Lakes Sales Associates, LLC; Northern Engineering and Plastics Corporation (Delaware); Northern Engineering and Plastics Corporation (Puerto Rico); Northern Plastics Corporation – Puerto Rico (Pennsylvania); Portola Allied Tool, Inc.; Portola Packaging, Inc.; and Portola Tech International, Inc.   The location of the Debtors' corporate headquarters and the service address for all Debtors is: 951 Douglas Road, Batavia, IL 60510.

Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated August 4, 2008 (the "Disclosure Statement"), and (ii) the tabulation of ballots cast with respect to the Portola Prepackaged Plan. I am authorized to submit this certification on behalf of FBG. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth, and if called as a witness, could and would testify competently thereto.

2.     The Debtors established July 29, 2008 as the record date (the "Record Date") for determining which creditors were entitled to vote on the Portola Prepackaged Plan.

3.     I hereby certify that on August 4, 2008, I caused sufficient copies of the documents described in Paragraph 6 hereof (the "Solicitation Package") to be delivered by hand or overnight courier on August 5, 2008 to the brokerage firms, banks, and agents (collectively, the "Nominees") identified on Exhibit A hereto, to enable the Nominees to mail the Solicitation Packages to holders of Portola 10% Secured Second Lien Notes due 2010 (the "Senior Notes") as of the Record Date.

4.     I also caused a letter of instruction to be transmitted with each delivery to a Nominee. A true and correct copy of the letter of instruction is attached as Exhibit B hereto.

5.     I further certify that on August 4, 2008, I caused copies of the Solicitation Packages to be sent to the holders of Second Lien Debt Claims identified on Exhibit C hereto.

6.     I further certify that on August 5, 2008, I caused copies of the Solicitation Packages to be sent via electronic mail to the non-U.S. securities depositories identified on Exhibit D hereto (the "Non-U.S. Depositories").

7. The Solicitation Packages included the following items:

    a. Disclosure Statement;

    b. an appropriate ballot (coded A or B, depending on the type of claim in question) (collectively, the "Ballots"), copies of which are attached as Exhibit E hereto; and

    c. a postage-paid return envelope.

8. It is FBG's customary practice to send master ballots to Nominees after the initial distribution of Solicitation Packages. I certify that on August 18, 2008, I caused two copies of the master ballot for Senior Note Claims (the "Master Ballot") to be delivered by overnight courier to each of the Nominees identified on Exhibit A. A true and correct copy of the Master Ballot is attached as Exhibit F hereto.

## Records

9. The names of the Nominees included in Exhibit A, and the number of customers represented by such Nominees, were determined by following the usual and customary procedures employed in annual meetings and other solicitations involving debt and/or equity securities traded on one or more of the national exchanges.

10. The list of the creditors included on Exhibit C was provided by Kirkland & Ellis LLP, proposed counsel to the Debtors.

## Preliminary Vote Certification

11. The procedures for the solicitation and tabulation are outlined in the Disclosure Statement, Ballot, and Master Ballot (the "Solicitation Procedures"). FBG was designated by the Debtors to review, determine the validity of, and tabulate ballots submitted to vote for the

acceptance or rejection of the Portola Prepackaged Plan by holders of claims and interests in the Voting Classes. I supervise the tabulation procedures being performed by personnel of FBG.

12.    FBG's professional staff has considerable experience in tabulating the ballots of creditors and security holders with respect to plans of reorganization.

13.    FBG was instructed to tabulate ballots submitted by holders of claims and interests in the Voting Classes in accordance with the Solicitation Procedures.

14.    As specified in the Solicitation Procedures, the Record Date for determining the holders of claims and interests in the Voting Classes was July 29, 2008.

15.    Ballots returned by mail, hand delivery, or overnight courier are received by personnel of FBG at the offices of FBG in New York City. All ballots received are date- and time-stamped upon receipt and are processed in accordance with the procedures outlined in the Solicitation Procedures.

16.    In order for a ballot to be counted as valid, the ballot must be properly completed and executed by the holder of a claim or interest, or such holder's authorized representative, and must be received by the deadline of 5:00 p.m. (prevailing Eastern Time) on August 29, 2008 (the "Voting Deadline").

17.    FBG was asked to prepare a preliminary tabulation of properly completed ballots cast by holders of claims and interests in the Voting Classes as of 5:00 p.m. (prevailing Eastern Time) on August 27, 2008 (the "Preliminary Tabulation Report").

18.    I hereby certify that a true and correct copy of the Preliminary Tabulation Report is attached as Exhibit G hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Jane Sullivan_

Jane Sullivan

STATE OF NEW YORK )
                         )
COUNTY OF NEW YORK )

SUBSCRIBED AND SWORN TO BEFORE ME on this the 27th day of August 2008.

_Diane M. Streany_

Notary Public

DIANE M. STREANY
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 20 10

**Exhibit A**

Bank of New York, The
One Wall Street
6th Floor
New York NY 10286
Attn: Mickey Jimenez

    Number of sets: 20


Bear Stearns
One Metrotech Center North
Reorg Dept. 4th Floor
Brooklyn NY 11201-3862
Attn: Vincent Marzella

    Number of sets: 1


Broadridge Financial Solutions LLC
51 Mercedes Way
Edgewood NY 11717
Attn: David Payne

    Number of sets: 150


Charles Schwab
Attn: Proxy Dept.
211 Main Street
San Francisco CA 94105
Attn: Ronnie Fuiava

    Number of sets: 1


Citigroup Global Markets Inc.
333 West 34th Street
5th Fl.
New York NY 10001
Attn: Pat Haller

    Number of sets: 1


Custodial Trust Company
101 Carnegie Center
3rd Floor
Princeton NJ 08520
Attn: Jamie Silverstein

    Number of sets: 2

E*Trade
10951 White Rock Road
Ranch Cordova CA 95670
Attn: Brian Lemargie

    Number of sets: 1


Goldman LP
30 Hudson Street
Jersey City NJ 07302-4699
Attn: Anthony Bruno

    Number of sets: 1


Hill, Thompson, Magid & Co., Inc.
Suite 800
15 Exchange Place
Jersey City NJ 07302
Attn: Robert Kern

    Number of sets: 1


JP Morgan Chase Bank / PCS
340 South Cleveland Ave
Bldg. 350
Westerville OH 43081
Attn: Chris Buck

    Number of sets: 1


JPMorgan Chase Bank
14201 Dallas Parkway
12th Floor
Dallas TX 75254
Attn: Armando Morales

    Number of sets: 11

Legent Clearing LLC
9300 Underwood Avenue
Suite 400
Omaha NE 68114
Attn: Shawn Brown

    Number of sets: 1


LEK Securities Corporation
140 Broadway
29th Floor
New York NY 10005
Attn: Daniel Hanuka

    Number of sets: 1


Linsco / Private Ledger Corp.
9785 Towne Ctr Drive
San Diego CA 92121-1968
Attn: Rosann Tanner

    Number of sets: 1


Merrill Lynch, Pierce, Fenner & Smith
101 Hudson Street
8th Floor
Jersey City NJ 07302
Attn: Veronica O'Neill

    Number of sets: 1


National Financial Services LLC
200 Liberty St.
New York NY 10281
Attn: Lou Trezza

    Number of sets: 1


Northern Trust Company, The
801 S. Canal Street
Reorg Dept.  Floor C1N
Chicago IL 60607
Attn: Robert Valentin

    Number of sets: 5

Pershing
One Pershing Plaza
7th Floor - Reorg.
Jersey City NJ 07399
Attn: Al Hernandez

Number of sets: 1


Ridge Clearing
55 Water Street
32nd Floor
New York NY 10041
Attn: Kathy Guillou

Number of sets: 1


Scottrade
12855 Flushing Meadows Drive
St. Louis MO 63131
Attn: Terri Losche

Number of sets: 1


State Street Bank and Trust Company
Corp Actions - JAB5E
1776 Heritage Drive
Quincy MA 02171
Attn: Amanda Gontarz

Number of sets: 3


The Depository Trust Company
55 Water Street
25th Floor
New York NY 10004
Attn: Edward Haiduk

Number of sets: 2

The Depository Trust Company
55 Water Street
25th Floor
New York NY 10004
Attn: Horace Daley

    Number of sets: 2


U.S. Bank National Association
Corporate Trust Services
60 Livingston Avenue
St. Paul MN 55107-2292
Attn: Timothy Sandell

    Number of sets: 2


UBS Financial Services
1200 Harbor Blvd.
Weehawken NJ 07086
Attn: Jane Flood

    Number of sets: 1


US Bank NA
Attn: Securities Control
1555 N. Rivercenter Dr. Ste. 302
Milwaukee WI 53212
Attn: Tim Keller

    Number of sets: 1


Wells Fargo Bank, National Association
733 Marquette Avenue
MAC:  N9306-057
Minneapolis MN 55479
Attn: Lora Dahle

    Number of sets: 2

**Exhibit B**

# Financial Balloting Group LLC

<u>M E M O R A N D U M</u>

**TO:**        All Banks, Brokers and Other Intermediaries

**DATE:**      August 4, 2008

**SUBJECT:**   PORTOLA PACKAGING,     Cusip:
INC., *et al*.

                                737008AD4

             RECORD DATE:
             July 29, 2008

With this memo we are providing you with the following materials for Portola Packaging, Inc., *et al.*:

- Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, dated August 4, 2008;

- Yellow Beneficial Holder Ballot for holders of Cusip 737008 AD 4; and

- An FBG Business Reply Envelope (should you wish to pre-validate the ballot).

Please forward the enclosed materials via first class mail to the beneficial owners of the security listed within five (5) business days of receipt thereof.

<u>Please Note:  Master Ballots will be distributed at a later date.</u>

Invoices regarding distribution of the above materials should be directed to:

        Portola Packaging, Inc.
        951 Douglas Road
        Batavia, IL  60510
        Attn:  Kim Wehrenberg, Esq., General Counsel

Should you require additional copies of the enclosed materials, please contact the Voting Agent:

        Financial Balloting Group LLC
        757 Third Avenue, 3rd Floor
        New York, NY  10017
        Telephone (646) 282-1800
        Fax (646) 282-1804

**Exhibit C**

Wayzata Investment Partners LLC (as agent)
Ray Wallander
Wayzata Investment Partners LLC
701 East Lake Street, Suite 300
Wayzata MN 55391


Wayzata Opportunities Fund II, L.P. (as lender)
Ray Wallander
Wayzata Investment Partners LLC
701 East Lake Street, Suite 300
Wayzata MN 55391


Wayzata Recovery Fund LLC (as lender)
Ray Wallander
Wayzata Investment Partners LLC
701 East Lake Street, Suite 300
Wayzata MN 55391

**Exhibit D**

Clearstream Banking Luxembourg
42 Boulevard John F. Kennedy
1855 Luxembourg
Luxembourg
[cdcservices@clearstream.com](mailto:cdcservices@clearstream.com)


Euroclear Bank S.A./N.V.
1, Boulevard Roi Albert II
1210 Brussels
Belgium
[drit@euroclear.com](mailto:drit@euroclear.com)


SegaIntersettle AG
Baslerstrasse 100
CH-4600 Olten
Switzerland
[Corpactionsoverseas.group@sisclear.com](mailto:Corpactionsoverseas.group@sisclear.com)

**Exhibit E**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PORTOLA PACKAGING, INC., et al.,[1] | ) | Case No. 08-_____ (___) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**CLASS 3—SENIOR NOTE CLAIMS**

---

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, LLC ("FINANCIAL BALLOTING GROUP"), AT (646) 282-1800.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

This ballot (the "Ballot") is being sent to you because records indicate that you are a Holder of a Class 3 Senior Note Claim as of July 29, 2008 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* dated August 4, 2008 (the "Plan").[2]

Your rights are described in the *Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated August 4, 2008 (the "Disclosure Statement"). The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package").

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 3 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.*

---

[1] The list of Debtors is set forth in the Plan. As disclosed in the Plan, certain Non-Debtor Subsidiaries may also file chapter 11 bankruptcy petitions, in which case the Debtors reserve the right to include any and all of them in the Chapter 11 Cases and to modify the Plan accordingly.

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Plan.

**A**

**8 1/4% Senior Notes due 2012
CUSIP 737008AD4**

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP, YOUR COMPLETED BALLOT MUST BE *ACTUALLY RECEIVED* BY FINANCIAL BALLOTING GROUP BY 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 29, 2008 (THE "<u>VOTING DEADLINE</u>").**

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO YOUR BROKER OR BANK (YOUR "<u>NOMINEE</u>"), YOUR COMPLETED BALLOT MUST BE SENT TO YOUR NOMINEE, <u>NOT</u> FINANCIAL BALLOTING GROUP, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO FINANCIAL BALLOTING GROUP SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING DEADLINE.**

**Item 1.  Principal Amount of Class 3 Senior Note Claim**.

The undersigned hereby certifies that as of July 29, 2008 (the Voting Record Date), the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 3 Senior Note Claim in the following aggregate unpaid principal amount (*insert amount in box below*).



**Item 2.  Vote of Class 3 Senior Note Claim.**

The Holder of the Class 3 Senior Note Claim set forth in Item 1 votes to (*please check one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.  (Optional) Election to Opt-out of Release Provisions.**

Check the box below if you elect <u>not</u> to grant the releases set forth in Article VIII of the Plan.  Election to withhold consent is at your option.  If you submit your Ballot <u>without</u> this box checked, you will be deemed to consent to the releases set forth in Article VIII of the Plan to the fullest extent permitted by applicable law.

☐ The undersigned elects not to grant the releases contained in Article VIII of the Plan.

[ballot continues on next page]

2

**Item 4.  Class 3 Senior Note Claims held in Additional Accounts.**

By completing and returning this Ballot, the Holder of the Class 3 Senior Note Claim set forth in Item 1 certifies that either: (a) the Holder has not submitted ballots for Class 3 Senior Note Claims other than set forth in Item 1; or (b) the Holder has provided the information specified in the following table for all other Class 3 Senior Note Claims for which the Holder has submitted a ballot, each of which indicates the same vote to accept or reject the Plan as in this Ballot (*please use additional sheets of paper if necessary*):

ONLY COMPLETE THIS SECTION IF YOU ARE SUBMITTING SEPARATE BALLOTS FOR CLASS 3 SENIOR NOTE CLAIMS OTHER THAN SET FORTH IN ITEM 1.

| Account Number | Name of Holder[3] | Aggregate Unpaid Principal Amount of Class 3 Senior Note Claim Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

[ballot continues on next page]

---

[3]  Insert your name if the Class 3 Senior Note Claim is held by you in record name or, if held in street name, insert the name of your Nominee.

K&E 13124405.13

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.      as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of the Class 3 Senior Note Claim set forth in Item 1;

2.      the Holder is eligible to be treated as the Holder of the Class 3 Senior Note Claim set forth in Item 1 for the purposes of voting on the Plan;

3.      the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5.      the Holder has cast the same vote with respect to each of the Holder's Class 3 Senior Note Claims;

6.      the Holder understands and acknowledges that only the latest-dated ballot cast prior to the Voting Deadline with respect to the Class 3 Senior Note Claim set forth in Item 1 will be counted, and, if any other ballot has been previously cast with respect to the Class 3 Senior Note Claim set forth in Item 1, such other ballot shall be deemed revoked;

7.      the Holder understands and acknowledges that the securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission, and that such securities will be acquired for the Holder's own account and not with a view to any distribution of such securities in violation of the United States Securities Act of 1933;

8.      the Holder understands and acknowledges that the New Common Stock to be issued pursuant to the Plan will be subject to a Shareholder Agreement, the terms of which will be disclosed in the Plan Supplement (*please see the Plan and Disclosure Statement for further information*); and

9.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

[signature page follows]

K&E 13124405.13

**Item 6.  Holder Information and Signature.**

Name of Holder: _____
(*print or type*)

Social Security or Federal Tax I.D. No.: _____
(*optional*)

Signature: _____

Name of Signatory: _____
(*if other than Holder*)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP, YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY FINANCIAL BALLOTING GROUP BY THE VOTING DEADLINE.**

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOUR COMPLETED BALLOT MUST BE SENT TO YOUR NOMINEE, <u>NOT</u> FINANCIAL BALLOTING GROUP, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO FINANCIAL BALLOTING GROUP SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS AUGUST 29, 2008, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

K&E 13124405.13

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, AT (646) 282-1800.

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Class 3 Senior Note Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the packet you are receiving with the Ballot. Capitalized terms not defined herein shall have the meanings assigned to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; (c) complete Item 4, if applicable; and (d) sign and return the Ballot in accordance with the instructions on the Ballot. The Voting Deadline is August 29, 2008, at 5:00 p.m. (prevailing eastern time).

4. If a ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when Financial Balloting Group actually receives the executed ballot. In all cases, Holders should allow sufficient time to assure timely delivery. No ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5. If multiple ballots are received from an individual Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last ballot timely received will supersede and revoke any earlier received ballot.

6. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims or Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a ballot.

7. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission of a Claim or Interest.

8. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

9. If you hold Claims or Interests in more than one Class under the Plan, or in multiple accounts, you may receive more than one ballot coded for each different Class or account. Each ballot votes only your Claims or Interests indicated on that ballot. Please complete and return each ballot you receive.

10. You must vote all of your Claims or Interests within a particular Class either to accept or reject the Plan (you may not split your vote).

11. Any ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. The following ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any ballot cast for a Claim or Interest scheduled as unliquidated, contingent or disputed for which no proof of claim or interest was timely filed; (d) any unsigned ballot; (e) any ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any ballot submitted by a party not entitled to cast a vote with respect to the Plan.

K&E 13124405.13

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PORTOLA PACKAGING, INC., et al., [1] | ) | Case No. 08-_____ (___) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' PREPACKAGED JOINT PLAN OF
REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

**CLASS 2—SECOND LIEN DEBT CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, LLC ("FINANCIAL BALLOTING GROUP"), AT (646) 282-1800.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE *ACTUALLY RECEIVED* BY FINANCIAL BALLOTING GROUP BY 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 29, 2008 (THE "VOTING DEADLINE").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

This ballot (the "Ballot") is being sent to you because records indicate that you are a Holder of a Class 2 Second Lien Debt Claim as of July 29, 2008 (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* dated August 4, 2008 (the "Plan").[2]

Your rights are described in the *Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated August 4, 2008 (the "Disclosure Statement"). The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package").

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 2 under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.*

---

[1] The list of Debtors is set forth in the Plan. As disclosed in the Plan, certain Non-Debtor Subsidiaries may also file chapter 11 bankruptcy petitions, in which case the Debtors reserve the right to include any and all of them in the Chapter 11 Cases and to modify the Plan accordingly.

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Plan.

**THE VOTING DEADLINE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 29, 2008.**

**Item 1. Amount of Class 2 Second Lien Debt Claim**.

The undersigned hereby certifies that as of July 29, 2008 (the Voting Record Date), the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 2 Second Lien Debt Claim in the following aggregate amount (*insert amount in box below*).



$_____

**Item 2. Vote of Class 2 Second Lien Debt Claim.**

The Holder of the Class 2 Second Lien Debt Claim set forth in Item 1 votes to (*please check one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3. (Optional) Election to Opt-out of Release Provisions.**

Check the box below if you elect <u>not</u> to grant the releases set forth in Article VIII of the Plan. Election to withhold consent is at your option. If you submit your Ballot <u>without</u> this box checked, you will be deemed to consent to the releases set forth in Article VIII of the Plan to the fullest extent permitted by applicable law.

☐ The undersigned elects not to grant the releases contained in Article VIII of the Plan.

**Item 4. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.      as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of the Class 2 Second Lien Debt Claim set forth in Item 1;

2.      the Holder is eligible to be treated as the Holder of the Class 2 Second Lien Debt Claim set forth in Item 1 for the purposes of voting on the Plan;

3.      the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5.      the Holder has cast the same vote with respect to each of the Holder's Class 2 Second Lien Debt Claims;

6.      the Holder understands and acknowledges that only the latest-dated ballot cast prior to the Voting Deadline with respect to the Class 2 Second Lien Debt Claim set forth in Item 1 will be counted, and, if any other ballot has been previously cast with respect to the Class 2 Second Lien Debt Claim set forth in Item 1, such other ballot shall be deemed revoked; and

7.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

2

**Item 5.  Holder Information and Signature.**

Name of Holder: _____
(*print or type*)

Social Security or Federal Tax I.D. No.:_____
(*optional*)

Signature:_____

Name of Signatory:_____
(*if other than Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

**YOUR COMPLETED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT, FINANCIAL BALLOTING GROUP, BY THE VOTING DEADLINE.  YOU MAY USE THE ENVELOPE PROVIDED OR SEND YOUR BALLOT BY MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO:**

**FINANCIAL BALLOTING GROUP, LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NY  10017**
**ATTN: PORTOLA PACKAGING TABULATION**
**TELEPHONE: (646) 282-1800**

**THE VOTING DEADLINE IS AUGUST 29, 2008, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

K&E 13164946.1

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, AT (646) 282-1800.

## VOTING INSTRUCTIONS

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Class 2 Second Lien Debt Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the packet you are receiving with the Ballot. Capitalized terms not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.    To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the ballot. The Voting Deadline is August 29, 2008, at 5:00 p.m. (prevailing eastern time).

4.    If a ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when Financial Balloting Group actually receives the executed ballot. In all cases, Holders should allow sufficient time to assure timely delivery. No ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.    If multiple ballots are received from an individual Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last ballot timely received will supersede and revoke any earlier received ballot.

6.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims or Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a ballot.

7.    The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission of a Claim or Interest.

8.    Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

9.    If you hold Claims or Interests in more than one Class under the Plan, or in multiple accounts, you may receive more than one ballot coded for each different Class or account. Each ballot votes only your Claims or Interests indicated on that ballot. Please complete and return each ballot you receive.

10.    You must vote all of your Claims or Interests within a particular Class either to accept or reject the Plan (you may not split your vote).

11.    Any ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.    The following ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any ballot cast for a Claim or Interest scheduled as unliquidated, contingent or disputed for which no proof of claim or interest was timely filed; (d) any unsigned ballot; (e) any ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any ballot submitted by a party not entitled to cast a vote with respect to the Plan.

K&E 13164946.1

**<u>Exhibit F</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PORTOLA PACKAGING, INC., et al., [1] | ) | Case No. 08-_____ (___) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## MASTER BALLOT
### FOR ACCEPTING OR REJECTING THE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

### CLASS 3—SENIOR NOTE CLAIMS

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, LLC ("FINANCIAL BALLOTING GROUP"), AT (646) 282-1800.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE *ACTUALLY RECEIVED* BY FINANCIAL BALLOTING GROUP BY 5:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 29, 2008 (THE "VOTING DEADLINE").

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The Debtors are sending this master ballot (the "Master Ballot") to brokers, dealers, commercial banks, trust companies or other agent nominees (each, a "Nominee") of Beneficial Holders of Class 3 Senior Note Claims as of July 29, 2008 (the "Voting Record Date").[2] Nominees should use the Master Ballot to cast votes to accept or reject the Plan and to make elections on behalf of and in accordance with the ballots cast by the Beneficial Holders holding Class 3 Senior Note Claims through them. In lieu of submitting this Master Ballot, Nominees may also send Beneficial Holders a pre-validated Class 3 Senior Note Claims ballot (a "Pre-Validated Ballot").

This Master Ballot may not be used for any purpose other than for submitting votes with respect to the *Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* dated August 4, 2008 (the "Plan").[3] Your rights and the rights of Beneficial Holders are described in the *Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated August 4, 2008 (the "Disclosure Statement"). The Plan, Disclosure Statement and Class 3 Senior Note Claims ballot (the "Beneficial Holder Ballot") were sent previously (collectively, with a pre-addressed, postage pre-paid return envelope, the "Solicitation Package"). If you need any of these documents, please contact Financial Balloting Group.

---

[1] The list of Debtors is set forth in the Plan. As disclosed in the Plan, certain Non-Debtor Subsidiaries may also file chapter 11 bankruptcy petitions, in which case the Debtors reserve the right to include any and all of them in the Chapter 11 Cases and to modify the Plan accordingly.

[2] A "Beneficial Holder" is a beneficial owner of Senior Note Claims in Class 3 as of the Voting Record Date, as reflected in the records maintained by Nominees holding through The Depository Trust Company, or other relevant security depository, and/or the applicable indenture trustee, as of the Voting Record Date.

[3] Capitalized terms not defined herein shall have the meanings assigned to them in the Plan.

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

❑        is a bank, broker, or other Nominee for the Beneficial Holders of the aggregate amount of Class 3 Senior Note Claims listed in Item 2 below, and is the registered holder of such Class 3 Senior Note Claims;

❑        is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by a bank, broker, or other Nominee that is the registered holder of the aggregate amount of Class 3 Senior Note Claims listed in Item 2 below; or

❑        has been granted a proxy (an original of which is annexed hereto) from a bank, broker, or other Nominee, or a Beneficial Holder, that is the registered holder of the aggregate amount of one of Class 3 Senior Note Claims listed in Item 2 below, and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 3 Senior Note Claims described in Item 2 below.

**Items 2 and 3.  Vote on Plan and Release Provisions.**

The undersigned transmits the following votes of Beneficial Holders in respect of their Class 3 Senior Note Claims, and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.[4]

| Your Customer Account Number for Each Beneficial Holder of Class 3 Senior Note Claims | Vote on Plan of Reorganization | | Check here if Beneficial Holder checked the box in Item 3 of the Beneficial Holder Ballot |
|---|---|---|---|
| | Accept | Reject | |
| 1. | $ | $ | |
| 2. | $ | $ | |
| 3. | $ | $ | |
| 4. | $ | $ | |
| 5. | $ | $ | |
| 6. | $ | $ | |
| 7. | $ | $ | |
| 8. | $ | $ | |
| 9. | $ | $ | |
| 10. | $ | $ | |
| TOTAL | $ | $ | |

---

[4]    Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Holder must vote *all* of such Beneficial Holder's Class 3 Senior Note Claims to accept *or* to reject the Plan and may *not* split such vote.  Any ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or which indicates both an acceptance and a rejection of the Plan shall not be counted.

K&E 13131946.12

**Item 4.  Certification as to Transcription of Information from Item 4 as to Class 3 Senior Note Claims Voted Through Other Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 3 Senior Note Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

| Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot | TRANSCRIBE FROM ITEM 4 OF THE BALLOTS: | | |
|---|---|---|---|
| | Account Number | Name of Holder | Aggregate Unpaid Principal Amount of Class 3 Senior Note Claim Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 5.  Certification.**

By signing this Master Ballot, the undersigned certifies that:

(a)     (i) the undersigned has received a copy of the Disclosure Statement, Master Ballot, Beneficial Holder Ballot, and the Solicitation Package, and has delivered the same to Beneficial Holders holding Class 3 Senior Note Claims through the undersigned; (ii) the undersigned has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder; (iii) the undersigned is the registered holder of the securities being voted or agent thereof; and (iv) the undersigned has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

(b)     the undersigned has properly disclosed: (i) the number of Beneficial Holders holding Class 3 Senior Note Claims through the undersigned; (ii) the respective amounts of Class 3 Senior Note Claims owned by each Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Holder;

(c)     if the undersigned is a Beneficial Holder and uses this Master Ballot to vote undersigned's Class 3 Senior Note Claims, the undersigned confirms and attests to each of the certifications in Item 5 of the Beneficial Holder Ballot;

(d)     each such Beneficial Holder has certified to the undersigned that the Beneficial Holder is eligible to vote on the Plan; and

(e)     the undersigned will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

**Item 6.  Nominee Information and Signature.**

Name of Bank, Broker, or Other Nominee:

_____
(Print or Type)
Participant Number: _____

Name of Proxy Holder or Agent for Bank, Broker, or Other Nominee (if applicable):

_____
(Print or Type)

Signature: _____

Social Security or Federal Tax I.D. No.: _____
(*if social security number, only last four digits*)

Name of Signatory: _____

Title: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____


**YOUR COMPLETED MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY FINANCIAL BALLOTING GROUP BY THE VOTING DEADLINE AT THE FOLLOWING ADDRESS:**

> **FINANCIAL BALLOTING GROUP, LLC**
> **757 THIRD AVENUE, 3RD FLOOR**
> **NEW YORK, NY  10017**
> **ATTN: PORTOLA PACKAGING TABULATION**
> **TELEPHONE: (646) 282-1800**


**THE VOTING DEADLINE IS AUGUST 29, 2008, AT 5:00 P.M. (PREVAILING EASTERN TIME).**

4

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, FINANCIAL BALLOTING GROUP, AT (646) 282-1800.

## MASTER BALLOT INSTRUCTIONS

1.    To have the votes of your Beneficial Holders count, you should already have done one of the following:

    (a)    delivered Beneficial Holder Ballots and the Solicitation Package to each Beneficial Holder with clear instructions on when to return such ballots to you to allow you to complete and return this Master Ballot so that Financial Balloting Group *actually receives* it prior to 5:00 p.m. (prevailing eastern time) on August 29, 2008 (the Voting Deadline);

        or

    (b)    if you are not submitting this Master Ballot, send Beneficial Holders Pre-Validated Ballots in their Solicitation Package for direct return to Financial Balloting Group.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the Beneficial Holders if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.    With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holder count, you must: (a) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto the Master Ballot; (b) execute the Master Ballot; and (c) deliver the Master Ballot to the Financial Balloting Group in accordance with the instructions on the Master Ballot.

4.    Please keep any records of Beneficial Holder Ballots received from Beneficial Holders for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order). You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

5.    If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 3 Senior Note Claims for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or the Master Ballot for such Class 3 Senior Note Claims.

6.    The Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan.

7.    The Master Ballot does not constitute, and shall not be deemed to be, a proof of claim or interest or an assertion or admission of a Claim or Interest.

8.    The following ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class entitled to vote on the Plan; (c) any ballot cast for a Claim or Interest scheduled as unliquidated, contingent, or disputed for which no proof of claim or interest was timely Filed; (d) any unsigned ballot; and (e) any ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

9.    If the Master Ballot is received after the Voting Deadline, it will not be counted, unless otherwise determined by the Debtors. The method of delivery of the Master Ballot to Financial Balloting Group is at your election and risk.

10.    The Master Ballot should not be sent to the Debtors, any indenture trustee, or the Debtors' financial or legal advisors.

K&E 13131946.12

**Exhibit G**

# PORTOLA PREPACKAGED PLAN

## PRELIMINARY TABULATION OF BALLOTS AS OF
## 5:00 P.M., PREVAILING EASTERN TIME, AUGUST 27, 2008

| | Amount Accepting (% of Amount Voted) | Amount Rejecting (% of Amount Voted) | Number Accepting (% of Amount Voted) | Number Rejecting (% of Amount Voted) |
|---|---|---|---|---|
| **CLASS 2** (SECOND LIEN DEBT CLAIMS) **$25,000,000** OUTSTANDING | $25,000,000.00 (100.00%) | $0.00 (0.00%) | 2 (100.00%) | 0 (0.00%) |
| **CLASS 3** (SENIOR NOTE CLAIMS) **$180,000,000** OUTSTANDING | $156,605,000.00 (100.00%) | $0.00 (0.00%) | 6 (100.00%) | 0 (0.00%) |
| **CLASS 6** (EQUITY INTERESTS) **14,323,672 SHARES** OUTSTANDING | 1,088,894.00 (59.46%) | 742,468.00 (40.54%) | N/A | N/A |